TRICE v. COOLIDGE BANKING CO. et al.

(District Court, S. D. Georgia, S. W. D. May 17, 1917.)

BANKRUPTCY ⬠296—JURISDICTION OF SUITS TO SET ASIDE FRAUDULENT TRANSFERS.

Where more than four months before bankruptcy the bankrupt executed a mortgage in fraud and without consideration, pursuant to an agreement by the mortgagee to give him a fictitious credit, and this fraudulent transfer was subsequently perfected by ex parte foreclosure of the mortgage in a city court of limited jurisdiction without affirmative equitable powers, the bankruptcy court had jurisdiction at the suit of the trustee to review the transaction and set it aside, and was not prevented by comity from exercising such jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 414.]

In Equity. Suit by C. A. Trice, trustee of George Duren, bankrupt, against the Coolidge Banking Company and another. On plea to the jurisdiction. Plea overruled.

C. E. Hay, of Thomasville, Ga., and E. K. Wilcox, of Valdosta, Ga., for plaintiff.

George L. Patterson, of Valdosta, Ga., for defendants.

SPEER, District Judge. The act of Congress provides for a trustee. He represents the creditors, and his principal duties are to collect the assets of the bankrupt estate and to advance the interest of the creditors. Now, this trustee before the court, in assuming his trust, finds that the assets of the estate have been misappropriated. I say this, because, for the purposes of the issue now before the court, we must assume the averments of the bill to be true. The assets have reached the control of a certain bank and of the wife of its cashier. This was done by the execution (it is true before the four months period) of certain mortgages on personalty and of certain transfers of real estate. These are charged to have been executed in fraud. The mortgage was executed without legal consideration, but pursuant to an agreement by the bank to give the prospective bankrupt a fictitious credit, by means of which he could delude the business public and acquire the stocks of merchandise which have finally reached the hands of the coconspirator, namely, the bank. It would be difficult to conceive of a fraud more aggravated. This was perfected by the foreclosure in an ex parte way of a mortgage in the city court of Thomas county, a court of limited jurisdiction, without affirmative equitable powers. The defense, if any, would be made by the mortgagor, and, if he is in conspiracy with the mortgagee, why, of course, no defense is made, and the judgment of foreclosure is inevitable.

But it is said that the court of the United States, with all the powers created by the act of Congress, has no power, at the suit of the trustee, to review this transaction or to set it aside. I cannot agree with the learned counsel who would maintain this position, notwithstanding my respect for his undoubted talents. I am very sure that, in accordance with the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat.

544), particularly as expressed by the amendment of 1910 (Act June 25, 1910, c. 412, 36 Stat. 838), that the court has jurisdiction to set aside and cancel and put to naught a scheme of this kind, which, if successfully perpetrated, would deprive the trustee, and through him the creditors, of all the assets which otherwise might be utilized for the payment of creditors. It is true there are a number of cases which have much to say about comity between the courts, but they are generally cases where the possession of the assets is involved. Where one court has possession, the other court cannot interfere through motives of courtesy, and comity is courtesy. But that does not deprive the court, empowered by Congress, of its jurisdiction to find fraud, and, so far as its decree can go, to insure compliance with the Bankruptcy Act. When the decree is had, the trustee may appear before the state court, present the decree of this court, make suitable representation, and, if that court improperly denies the relief, take it to the appellate court.

There is a further consideration. This property is in the hands of the sheriff, at the instance of the bank. Here is a claim for the value of the property, and the sheriffs and their bondsmen and the bank as well, may be responsible for any decree which might be granted here. If we had no such power, where such fraud is designed, how easy it would be to utilize this ex parte mortgage foreclosure procedure, and utterly defeat the purpose of that uniformity in the distribution of the assets of a bankrupt, which was the grand purpose of Congress in the enactment of the bankruptcy law.

For these reasons I hold that the court has jurisdiction, and that the plea should be overruled.