**In re Manfred and Alberta MEHR, Debtors.**

**Bankruptcy No. 89–04064.**

United States Bankruptcy Court, D. New Jersey.

Jan. 28, 1993.

David E. Krell, Lummis, Krell & Baker, Bridgeton, NJ, for trustee.

Josh Eagle, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for the U.S.

### OPINION

ROSEMARY GAMBARDELLA, Bankruptcy Judge.

This matter comes before the Court on the Trustee's Motion to Determine Administrative Tax Liability. The following constitutes this Court's findings of fact and conclusions of law.

### STATEMENT OF FACTS

On May 25, 1989, Manfred and Alberta Mehr ("debtors"), filed a joint petition un-

der Chapter 13 of the Bankruptcy Reform Act of 1978 as amended by the Bankruptcy Act Amendments of 1982, the Bankruptcy Amendments and Federal Judgeship Act of 1984, and the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986 (hereinafter, "Bankruptcy Code"), in the Bankruptcy Court for the District of New Jersey. On November 16, 1989, the debtors' Chapter 13 proceeding was converted to a Chapter 7 by order of this Court. On January 2, 1990, David E. Krell, Esq., ("Krell" or "Trustee") was appointed interim Trustee to the Chapter 7 proceeding.

One of the main assets transferred to the bankruptcy estate was the debtors' personal residence located at 542 Grant Avenue, Collingswood, New Jersey. At the time this case was converted from a Chapter 13 proceeding to a Chapter 7 proceeding both of the debtors were over the age of fifty-five and had used the premises as their personal residence for a regular and continuous period in excess of five years. The Trustee sold the personal residence on July 16, 1990, for $154,000.00.

Pursuant to the Trustee's obligation, he prepared a 1990 form 1041, U.S. Fiduciary Income Tax Return, for the estate. Attached to form 1041 was form 2119, entitled "Sale of Your Home". This form by the trustee's own admission computed the gain on an erroneous basis of $10,000.00. Additionally, the Trustee elected to take the one time $125,000.00 exclusion of gain from the sale of a principal residence pursuant to Title 26 U.S.C. § 121. Accordingly, this made the taxable capital gain on the sale of the residence $19,000.00.[1]

On or about April 3, 1991, the Trustee filed an amended form 1041, U.S. Fiduciary Tax Return. This amended return stated that the initial basis figure of the property was inaccurate. The Trustee claimed an adjusted basis in the property of $89,000.00

and the § 121 exclusion in the amount of $125,000.[2]

Pursuant to an audit, the Internal Revenue Service ("I.R.S.") disallowed the § 121 exclusion of gain on the sale of the residence. In addition, the I.R.S. determined that no cost basis had been established for the property whatsoever and accordingly increased the gain on the sale.

On July 1, 1991, the I.R.S. issued a statement of tax due on the federal tax returns filed by the Trustee for the bankruptcy estate. The I.R.S. asserted that additional taxes in the amount of $35,692.00 plus interest of $760.85 was due within 10 days. On July 22, 1991, the Trustee submitted a written protest to this additional tax assessment. On August 22, 1991, the I.R.S. sent an acknowledgement letter regarding the Trustee's protest.

On January 22, 1992, the Trustee filed the present motion to determine the estate's administrative tax liability in the United States Bankruptcy Court for the District of New Jersey. On March 30, 1992, this Court conducted a hearing on this motion. The Trustee by his motion seeks to have this Court approve the amended 1990 Form 1041 Fiduciary Tax Return filed by the trustee on behalf of the debtors' estate and to determine that the Trustee has no additional administrative tax liability to the IRS. The United States of America opposes the Trustee's motion and requests that this Court find (1) that the trustee is not entitled to make an election under 26 U.S.C. § 121 and (2) that the debtors' basis in the property was $10,000.

## ISSUE PRESENTED

The parties here do not contest this Court's jurisdiction to determine the estate's tax liability in issue. Section 505 of the Bankruptcy Code so provides that:

> (a)(1) Except as provided in paragraph (2) of this subsection, the court may de-

---

1. Amount realized ($154,000.00) less § 121 exclusion ($125,000.00) less basis ($10,000.00) = $19,000.00.

2. The Trustee apparently made this amendment because at the § 341 examination, Manfred Mehr testified that he purchased the land in

1955 for $5,600.00 and that in his estimation the cost of building the house on the property was $89,000.00. The IRS also contests this amended basis. This issue, however, will not be decided today.

termine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request.

(b) A trustee may request a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such a determination to the governmental unit charged with responsibility for collection or determination of such tax. Unless such return is fraudulent, or contains a material misrepresentation, the trustee, the debtor, and any successor to the debtor are discharged from any liability for such tax—

(1) upon payment of the tax shown on such return, if—

(A) such governmental unit does not notify the trustee, within 60 days after such request, that such return has been selected for examination; or

(B) such governmental unit does not complete such an examination and notify the trustee of any tax due, within 180 days after such request or within such additional time as the court, for cause, permits;

(2) upon payment of the tax determined by the court, after notice and a hearing, after completion by such governmental unit of such examination; or

(3) upon payment of the tax determined by such governmental unit to be due.

(c) Notwithstanding section 362 of this title, after determination by the court of a tax under this section, the governmental unit charged with responsibility for collection of such tax may assess such tax against the estate, the debtor, or a successor to the debtor, as the case may be, subject to any otherwise applicable law.

The first question to be decided by this Court today, is whether an estate in a Chapter 7 Bankruptcy can elect to exclude from taxable income, gains from the sale of a personal residence owned by the estate pursuant to 26 U.S.C. § 121 and in accord with 26 U.S.C. § 1398. This question is comprised of two sub issues: (1) whether 26 U.S.C. § 121 can be utilized by other than a taxpayer; and, (2) whether an estate in bankruptcy can succeed to the debtor's attributes for purposes of 26 U.S.C. § 121.

## DISCUSSION

■ As there is relatively little case law on point,[3] the following discussion consists of statutory interpretation as well as an examination of the relevant Revenue Rulings and legislative history. To disprove the IRS's determination, the taxpayer must establish the correct amount of the assessment or of the deduction claimed. *Helvering v. Taylor*, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935). Accordingly, the trustee bears the burden of proof in this matter.

■ In addition, this Court will make its findings based on the established principle that when interpreting tax laws, exemptions from taxation are to be "given a strict interpretation against the assertions of the

---

**3.** In *In re Dixon,* 140 B.R. 945, 947 (Bankr. W.D.N.Y.1992), a recent case in this area, the court did not reach the issue of whether a chapter 7 Trustee has the power to exercise the debtor's exclusion under 26 U.S.C. § 121. Instead the court held that the Trustee had no authority to compel the debtor's wife, a non-debtor, to join in the § 121 election, and thus, the court did not decide that issue.

taxpayer and in favor of the taxing power." 3A *Sutherland Statutory Construction* § 66.09, p. 327 (4th ed. 1986). *See also United States v. Burke*, No. 91-42, slip op. at —— U.S. ——, ——, 112 S.Ct. 1867, 1878, 119 L.Ed.2d 34 (1992) (concur opinion, Souter); *United States v. Centennial Sav. Bank FSB*, —— U.S. ——, ——, 111 S.Ct. 1512, 1516, 113 L.Ed.2d 608 (1991); *Bingler v. Johnson*, 394 U.S. 741, 752, 89 S.Ct. 1439, 1445, 22 L.Ed.2d 695 (1969); *Estate of Levine*, 526 F.2d 717, 721 (2d Cir.1975). Exclusions from income are strictly construed against the taxpayer. Accordingly, a taxpayer needs to point to the provision of the Internal Revenue Code which clearly authorizes exclusions from income. *Burke*, —— U.S. at ——, 112 S.Ct. at 1878; *Centennial Sav. Bank FSB*, —— U.S. at ——, 111 S.Ct. at 1516; *Bingler*, 394 U.S. at 750-52, 89 S.Ct. at 1445; *Estate of Levine*, 526 F.2d at 721.

In order to take a 26 U.S.C. § 121 election, the following requirements of this voluntary one time exclusion of gain from the sale of a principal residence must be met:

(a) **general rule.**—*at the election of the taxpayer*, gross income does not include gain from the sale or exchange of property if—(1) the taxpayer has attained the age of 55 before the date of such sale or exchange, and (2) during the 5 year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as his principal residence for periods aggregating 3 years or more.

26 U.S.C. § 121 (emphasis added).

Therefore, the Court will begin its analysis by determining whether the bankruptcy estate meets these requirements.

■ When Congress in plain language has expressed its intention, and the legislative history does not demonstrate a contrary purpose, the Court is bound to follow the statutory provision as written. *Schramm v. Department of Health and Human Serv.*, 682 F.2d 85, 91 (3d Cir. 1982); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 607-09, 99 S.Ct. 1905, 1911, 60 L.Ed.2d 508 (1979) (courts' task is to interpret the words of

these statutes in light of the purposes Congress sought to serve); *United States v. Bornstein*, 423 U.S. 303, 309-11, 96 S.Ct. 523, 528, 46 L.Ed.2d 514 (1976) (judicial duty to give faithful meaning to the language Congress adopted in the light of the evident legislative purpose in enacting the law in question). Section 121 states, in relevant part, that *"at the election of the taxpayer*, gross income does not include gain from sale or exchange of property if [the requirements are met]." 26 U.S.C. § 121 (emphasis added). Thus, the first requirement of this statute is that this election must be made by the *taxpayer*.

■ The I.R.S. contends that the plain language of 26 U.S.C. § 121 clearly indicates that the exclusion is not available to a bankruptcy estate because, on its face, § 121 can only be taken by a taxpayer who meets the requirements of the election and the bankruptcy estate does not meet these requirements.

The Trustee does not refute the IRS's argument directly; instead, he argues that there is authority in 26 U.S.C. § 1398, titled "Rules Relating to Individuals' Title 11 Cases", to use § 121 in computing the bankruptcy estate's taxable income.

To determine whether the term "taxpayer" can include a bankruptcy estate within the plain meaning of § 121, the Court will look to the other requirements of the exemption which are referred to as the attributes of the taxpayer.

First, the taxpayer has to be at least 55 years of age; and second, the taxpayer has to use the home as a principal residence for at least three years during the five year period ending on the date of sale.

The Court finds that only individuals can possess the aforesaid requirements. A bankruptcy estate is not an individual who is at least 55 years old and has a principal place of residence within the plain meaning of 26 U.S.C. § 121. Looking at § 121 on its face, it appears that Congress intended that an individual be able to make the election, not a bankrupt estate, partnership or corporation.

Congress enacted § 121 to assist individuals who are 55 year of age and older, by relieving them of the possible large tax liability they would incur from the sale of a personal residence. The dollar,[4] time and age limitations restrict the benefit of 26 U.S.C. § 121 to taxpayers who presumably have a need for increased tax free dollars. This policy helps *individuals* over age 55 to help promote savings for retirement years. *See* H.R. 749, 88th Cong., 2d Sess. (1964), 1964 U.S.C.C.A.N. 1354 (enacted to make funds available for living expenses during an individual's retirement years).

The Court will address the Trustee's argument that Rev.Rul. 82–1, 1982–1 C.B. 26 and Rev.Rul. 85–45, 1985–1 C.B. 183 should persuade this Court that the § 121 exclusion does extend to the bankruptcy estate and not just to an individual.

In Rev.Rul. 82–1, the taxpayer entered into a binding executory contract for the sale of his residence and accepted a downpayment. The terms of the contract called for delivery of the deed and possession of the property upon receipt of the balance of the purchase price. The taxpayer subsequently died, the sale was completed and the executor of his estate received payment in full for the sale of the land and delivered the deed. At the time of the decedent's death, which was prior to closing, there had been substantial fulfillment of the prerequisites to consummation of the sale with only ministerial obligations remaining to be performed under the contract. The gain from the sale of the residence was income with respect to a decedent under § 691(a) of the Code. The Revenue ruling held "consistent with the extension of rights and privileges accorded a fiduciary under Section 6903, the executor [of the estate] may stand in the shoes of the decedent for purposes of making the election under Section 121."

■ Rev.Rul. 82–1 is distinguishable to the case at bar for the following reasons.

First, the sale of the personal residence in the Revenue Ruling took place, for all practical purposes, prior to the asset passing to the estate. In the matter before this Court, the property was first transferred to the estate, and then sold by the Trustee. Second, the sale in the Revenue Ruling was at the election of the taxpayer/individual. In this case, the sale was at the election of the Trustee, for the principal benefit of the creditors and parties in interest to the estate. Moreover, Revenue Rulings are persuasive at best and are not binding on this Court.[5] *William A. Klein et al., Federal Income Taxation* 69–70 (8th ed. 1990).

Furthermore, in Rev.Rul. 82–1 the estate was created for the benefit of the decedent who qualified for the election prior to his passing away. Whereas, in a Chapter 7 case, the estate is not only created for the benefit of an individual homeowner, but also for the benefit of the creditors.

Additionally, this Court is not persuaded to extend Rev.Rul. 85–45 to the bankruptcy estate. This Revenue Ruling held that a trust's owner and beneficiary who meets the § 121 requirements is treated as the owner of the residence and can take the § 121 election upon sale of the personal residence. In Rev.Rul. 85–45, the taxpayer claiming the § 121 election was the beneficiary of the trust and the owner of the trust. Since the taxpayer was the beneficiary and owner of the trust who met the requirements of the § 121 election, he was allowed the exemption.

In the instant case, the Mehrs are not the only beneficiaries of the trust, nor are they the sole owners of the estate. At the time the bankruptcy estate was created, the debtors were no longer vested with title or rights to their property. 11 U.S.C. § 541. The assets are in the hands of the Trustee/estate for the benefit of creditors and parties in interest. 11 U.S.C. § 704. One of the principle parties is the creditor. One

---

**4.** The amount of gain excluded from gross income under § 121 shall not exceed $125,000 or $62,500 in the case of a separate return by a married individual. Title U.S.C. § 121(b)(1).

**5.** This court does recognize, however, that Revenue Rulings do reflect the position of the I.R.S. to which taxpayers are entitled to rely. *William A. Klein et al., Federal Income Taxation* 70. However, Revenue Rulings are only opinions of law arising in a particular fact setting.

of the main duties of the trustee as a fiduciary is to efficiently administer the assets of the debtor for the benefit of the creditors. *Bunch v. Maloney*, 233 F. 967 (8th Cir.1916), *rev'd on other grounds*, 246 U.S. 658, 38 S.Ct. 425, 62 L.Ed. 925 (1918); *Trice v. Coolidge Banking Co.*, 242 F. 175 (D.Ga.1917). Thus, once the Trustee sold the residence, the sale was not only for the benefit of the Mehrs who qualify for the § 121 election, but also for the benefit of the creditors who do not qualify for a § 121 election.

For the aforementioned reasons, these Revenue Rulings are distinguishable and do not persuade the Court to conclude that § 121 can apply to bankruptcy estates as well as to individuals.

■ Having found that there is no authority for the estate to take the election under § 121, the Court will determine whether it can allow the election under § 1398.

The trustee relies on 26 U.S.C. § 1398(c)(1), which provides:

(c) *Computation and payment of tax; basic standard deduction—*

(1) *Computation and payment of tax*—Except as otherwise provided in this section, the taxable income of the estate shall be computed in the same

manner as for an individual. The tax shall be computed on such taxable income and shall be paid by the trustee.

The trustee asserts that the term "computed in the same manner as for an individual" means that he can use any Internal Revenue Code section that is available to an individual taxpayer, and therefore, he can use § 121 in computing the estate's taxes.

Under 26 U.S.C. § 1398 for federal income tax purposes, two taxable entities are created when an individual files a Chapter 7 or 11 petition. The debtor remains a taxable entity and the bankruptcy estate is also a separate entity for federal income tax purposes. 26 U.S.C. § 1398(e), (f).[6] This is also supported by the general purpose statement by the House Report accompanying the Bankruptcy Tax Act of 1980. *See* H.R.Rep. No. 96–833, 96th Cong., 2d Sess. (1980) at p. 19.

While in certain respects the bankruptcy estate is to be treated as an individual for tax purposes, this clearly does not mean for *all* purposes. Section 1398(c) gives guidance on how to compute the taxable income of the estate. The tax shall be computed in the same manner as for an individual. 26 U.S.C. § 1398(c)(1). Section 1398(c) refers to the computation of tax,

---

**6.** 26 U.S.C. § 1398(e) and (f) provides:

(e) Treatment of income, deductions, and credits.—

(1) Estate's share of debtor's income.—The gross income of the estate for each taxable year shall include the gross income of the debtor to which the estate is entitled under title 11 of the United States Code. The preceding sentence shall not apply to any amount received or accrued by the debtor before the commencement date (as defined in subsection (d)(3)).

(2) Debtor's share of debtor's income.—The gross income of the debtor for any taxable year shall not include any item to the extent that such item is included in the gross income of the estate by reason of paragraph (1).

(3) Rule for making determinations with respect to deductions, credits, and employment taxes.—Except as otherwise provided in this section, the determination of whether or not any amount paid or incurred by the estate—

(A) is allowable as a deduction or credit under this chapter, or

(B) is wages for purposes of subtitle C,

shall be made as if the amount were paid or incurred by the debtor and as if the debtor were still engaged in the trades and businesses, and in the activities, the debtor was engaged in before the commencement of the case.

(f) Treatment of transfers between debtor and estate.—

(1) Transfer to estate not treated as disposition.—A transfer (other than by sale or exchange) of an asset from the debtor to the estate shall not be treated as a disposition for purposes of any provision of this title assigning tax consequences to a disposition, and the estate shall be treated as the debtor would be treated with respect to such asset.

(2) Transfer to estate to debtor not treated as disposition.—In the case of a termination of the estate, a transfer (other than by sale or exchange) of an asset from the estate to the debtor shall not be treated as a disposition for purposes of any provision of this title assigning tax consequences to a disposition, and the debtor shall be treated as the estate would be treated with respect to such asset.

which generally means the subtraction of exclusions; thus, arriving at gross income. The taxpayer then takes the allowable deductions to arrive at a taxable income sum to which the tax rates are applied. Section 1398(c)(1) does not provide for the use of exclusions by the estate nor does it make any reference to the ability to take any exclusions.

The trustee asserts that § 1398(e)(3) gives authority to use by the estate of the exclusion provided for under § 121. Section 1398(e)(3) provides:

*Rules for making determinations with respect to deductions, credits and employment taxes* —Except as otherwise provided in this section, the determination of whether or not any amount paid or incurred by the estate—

(A) is allowable as a deduction or credit under this chapter, or

(B) is wages for purposes of subtitle C, shall be made as if the amount were paid or incurred by the debtor and as if the debtor were still engaged in the trades and businesses, and in the activities, the debtor was engaged in before the commencement of the case.

This Court finds that § 1398(e) does not specifically provide for the estate to take any exclusions enumerated by the Code. In fact, § 1398(e) elaborates on the rules for the allowance of deductions, credits and employment taxes but, does not expressly state that the estate takes any exclusions whatsoever.

Section 1398(f) offers guidance on how to treat the actual transfer of an asset from the debtor to the estate or from the estate to the debtor. Either way, such an asset is not considered a disposition for tax purposes. 26 U.S.C. § 1398(f)(1), (2). Section 1398(f) states:

(f) **Treatment of transfers between debtor and estate.—**

(1) **Transfer to estate not treated as disposition.—**A transfer (other than by sale or exchange) of an asset from the debtor to the estate shall not be treated as a disposition for purposes of any provision of this title assigning tax consequences to a disposition, and the estate

shall be treated as the debtor would be treated with respect to such asset.

(2) **Transfer from estate to debtor not treated as disposition.—**In the case of a termination of the estate, a transfer (other than by sale or exchange) of an asset from the estate to the debtor shall not be treated as a disposition for purposes of any provision of this title assigning tax consequences to a disposition, and the debtor shall be treated as the estate would be treated with respect to such asset.

When an asset is transferred to an estate from the debtor, as in this case, the estate is treated as the debtor would be with respect to such asset. 26 U.S.C. § 1398(f)(1). The debtor's personal residence in the hands of the Trustee is treated as the debtor would be treated with respect to the home.

Section 1398(g) sets forth the attributes which the estate succeeds to, which were once the debtors. Section 1398(g) states as follows:

(g) **Estate succeeds to tax attributes of debtor.—**The estate shall succeed to and take into account the following items (determined as of the first day of the debtor's taxable year in which the case commences) of the debtor—

(1) **Net operating loss carryovers.—**The carryover of excess charitable contributions determined under section 172.

(2) **Charitable contributions carryovers—**The carryover of excess charitable contributions determined under section 170(d)(1).

(3) **Recovery of tax benefit items.—**Any amount to which section 111 (relating to recovery of tax benefit items) applies.

(4) **Credit carryovers, etc.—**The carryovers of any credit, and all other items which, but for the commencement of the case, would be required to be taken into account by the debtor with respect to any credit.

(5) **Capital loss carryovers.—**The capital loss carryover determined under section 1212.

**(6) Basis, holding period, and character of assets.**—In the case of any asset acquired (other than by sale or exchange) by the estate from the debtor, the basis, holding period, and character it had in the hands of the debtor.

**(7) Method of accounting.**—The method of accounting used by the debtor.

**(8) Other attributes**—Other tax attributes of the debtor, to the extent provided in regulations prescribed by the Secretary as necessary or appropriate to carry out the purpose of this section.

26 U.S.C. § 1398(g).

§ 1398(g) on its face, coupled with the Congressional intent in enacting § 1398 ("For federal income tax purposes, the estate created on the commencement of a bankruptcy proceeding with respect to an individual debtor is treated as a new taxable entity separate from the individual." *See* H.R.Rep. No. 96–833, 96th Cong., 2d Sess. (1980) at p. 19), mandates the conclusion that the above list is exhaustive of the attributes that the estate receives from the debtor. Section 1398(g) provides that "the estate shall succeed to and take into account the following items." Based on this clause, it can be concluded that this list states all of the attributes the estate receives from the debtor.

Section 1398(g)(8) provides for "other attributes" to the extent provided for by the Secretary in regulations. As the Secretary has not provided additional regulations, it seems that any other attributes remain the debtors. Furthermore, the House Report states one of the intentions of this section is to clear up uncertainties on "how tax attributes are to be allocated between the estate and the debtor." H.R.Rep. No. 96–833, 96th Cong., 2d Sess. (1980) at p. 19. It seems from the House Report that the Code was designed to clear up which attributes succeed to the estate. This Court cannot conclude based upon the express provision of § 1398 that the estate suc-

ceeds to the § 121 exclusion since none of the eight attributes in the aforementioned list specifically provides for the estate to succeed to such exclusion.

The Trustee argues that since under § 1398(g)(6) ("Basis Holding Period and Character of Assets") the estate succeeds to the "character" an asset had in the hands of the debtor taxpayer, then the estate should be allowed to take the taxpayers § 121 election. Arguably, the term "character of assets" generally refers to whether an asset is a capital asset, ordinary asset or a § 1231 asset.[7] The Code distinguishes between such assets because differences in taxable income may arise when ordinary gains and losses are present versus capital gains and losses.[8]

This court cannot find that the term "character" in § 1398(g)(6) was not meant to entitle the Trustee to take the § 121 exclusion as the Trustee asserts. Arguably, the use of the term "character of the assets" was to enable the asset to be classified as ordinary, capital or a § 1231 asset. This characterization would enable the Trustee to utilize possibly even more tax attributes enumerated in § 1398(g) such as capital loss carryovers. The term was not intended for the Trustee to utilize other attributes like a § 121 exclusion which is not enumerated in § 1398.

Again, the argument that § 1398(g)(6) allows § 121 to be included within the attributes which the estates succeed to from the debtor does not follow from the principles of interpretation of tax laws. Exclusions from income must be narrowly construed. *Burke,* —— U.S. at ——, 112 S.Ct. at 1878; *Centennial Sav. Bank FSB,* —— U.S. at ——, 111 S.Ct. at 1516; *Bingler,* 394 U.S. at 750–52, 89 S.Ct. at 1445; *Estate of Levine,* 526 F.2d at 721. As § 1398(g) does not specifically authorize the estate to take the § 121 election, the estate does not

---

**7.** Generally, a § 1231 asset is property used in trade or business. See 26 U.S.C. § 1231 for a full definition.

**8.** First, capital losses must be offset from capital gains. Title 26 U.S.C. § 1211(b). Then the re-

maining capital loss is deductible only to the extent of $3,000.00 a year. Title 26 U.S.C. § 1211(b)(1). The rest of any capital loss is carried over for further tax years. Title 26 U.S.C. § 1212.

succeed to the ability to take such an election.

Moreover, there were not any regulations prescribed by the Secretary in accord with § 1398(g)(8) to include other tax attributes like the § 121 election to be taken by the bankruptcy estate. It is not the function of this Court to enact regulations providing for this § 121 election to be taken by the estate. This function is embodied in the role of Congress or the Secretary to allow for the § 121 election to be taken by the estate. Absent specific authority by the Code to enable a Trustee to utilize such election, this Court clearly cannot permit such an election to be taken.

The Trustee's final argument is that if an estate has to pay the penalty tax for an early withdrawal of an IRA because the estate was treated as the debtor, then an estate should be able to take a § 121 election and the Trustee should be authorized to take the § 121 election because it should be treated as the debtor.

In *In the Matter of Kochell*, 804 F.2d 84 (7th Cir.1986), a Trustee had an Individual Retirement Account (hereinafter, "IRA"). A prior decision held that the debtor's IRA and pension accounts were not exempt property and that the Trustee may reach the assets in the IRA for the benefit of the creditors. The I.R.S. wanted the Trustee to pay not only the income tax on the withdrawn assets—a tax the Trustee conceded was due—but also to pay the penalty tax on the premature withdrawal of the IRA.[9] The Court of Appeals for the Seventh Circuit held:

> When Kochell filed his action in bankruptcy, the estate succeeded to the IRA. This was not a taxable event. Under § 1398(f)(1) the estate was thereafter 'treated as the debtor.' So, when the Trustee invaded the IRA, the estate became liable for the income tax. For the same reasons the estate as the 'debtor' and thus as the 'individual' under § 408(f) became liable for the addition to

the tax. Kochell personally was out of the picture.

*Id.* at 87. Thus, the Trustee was held liable for the penalty tax.

When Kochell filed his petition in bankruptcy, the estate succeeded to the IRA. In accord with § 1398, the estate was treated as the debtor with respect to the IRA. Section 408 of the Code governs an IRA. A withdrawal of an IRA prior to the age of 59½ results in a 10% penalty. 26 U.S.C. § 408(f)(1). 26 U.S.C. § 408(f)(1) stated:

> (f) Additional tax on certain amounts included in gross income before age 59½—
> (1) Early distributions from an individual retirement account, etc.—If a distribution from an individual retirement account or under an individual retirement annuity to the individual for whose benefit such account or annuity was established is made before such individual attains age 59½, his tax under this chapter for the taxable year in which such distribution is received shall be increased by an amount equal to 10 percent of the amount of the distribution which is includible in his gross income for such taxable year.

When the Trustee withdrew from the IRA a penalty arose. The court was left to determine on whom the penalty should be imposed. Acknowledging there was very little legislative history on the penalty tax provision in § 408 or the meaning of "to the individual" in the Code under § 408(f)(1), the court concluded based on the legislative history that did exist that "to the individual" included payments to third parties. *In re Kochell*, 804 F.2d 84, 86 (7th Cir.1986). In that case, since the debtor was personally out of the picture when the IRA was prematurely withdrawn, and the trustee conceded that the estate was liable for the income tax on the funds in the IRA, the Court of Appeals for the Seventh Circuit reasoned that there was no good reason why the income tax on the withdrawn funds is an obligation of the estate while the penalty on the same with-

---

**9.** The trustee conceded that the estate had to pay income tax on the withdrawn asset, but contested the payment of the 10% penalty tax

for early withdrawal of an IRA pursuant to 26 U.S.C. § 408(f)(4).

drawal lands on the debtor personally. *Id.* at 86–87. The court reasoned that it was the Trustee who reached the account, at the instance of the creditors, and that the tax falls on the estate just as the tax on a salary check or bond coupon does. *Id.*

In the case at bar, it is clear that § 121 was intended to apply only to individuals not to bankrupt estates for the benefit of the creditors. In accord with § 1398(f)(1), when the estate receives the transfer of the personal residence from the debtors, the estate shall be treated as the debtor would be with respect to such assets. Section 1398(g) specifically enumerates those attributes of the debtor to which the estate succeeds. Nowhere in § 1398 does the Code provide that the estate succeeds to any exclusions of the debtor. Section 1398 does not provide that the estate succeeds to the one time taxpayer/individual exclusion pursuant to § 121. Nor does § 121 provide for the exclusion to be taken by a bankruptcy estate. Accordingly, for the aforementioned reasons, this court concludes that a Trustee cannot take the 26 U.S.C. § 121 exclusion for the bankruptcy estate.

█ This Court acknowledges that one of the Congressional goals in drafting the Bankruptcy Reform Act was to make tax considerations as neutral as possible in determining whether a taxpayer should file a bankruptcy petition. *Norton § 42.02 Part 41* 1 (citing H.R.Rep. No. 595, 96th Cong., 1st Sess. 274 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6231). To eliminate confusion in the tax field relating to bankruptcies, Congress enacted 26 U.S.C. § 1398 in 1980. The general goal of § 1398 as set forth in the House Report is as follows:

> At present, there are no rules in the Internal Revenue Code specifying whether the bankruptcy estate constitutes a taxable entity apart from the individual debtor; and, if so, how tax attributes are to be allocated between the estate and the debtor. This has resulted in uncertainty and litigation concerning the Federal Income Tax liability of the bankruptcy estate and the debtor. The provisions of section 3 of the bill, adding new section 1398 and 1399 to the Internal Revenue Code, provide the first comprehensive statutory treatment of these issues.

H.R.Rep. No. 96–833, 96th Cong.2d Sess. (1980) at p. 19. The goal of this Act is to clear up ambiguities in the tax area when an individual files bankruptcy. The Act tries to distinguish between the individual as a taxable entity and the estate as another taxable entity.

The decision by this Court today is consistent with the policies behind the Bankruptcy Reform Act and Title 26 U.S.C. § 1398. The tax consideration in determining whether a debtor should file bankruptcy is still as neutral as possible. The debtor/individual retains the right to take the § 121 exclusion. It does not benefit the debtor as an individual by allowing the Trustee to take the § 121 election. Moreover, whether the estate is allowed to take the exclusion is not a factor that is likely to influence a debtor's decision to file or not to file a bankruptcy petition. This decision remains consistent with the goals of the Bankruptcy Reform Act and 26 U.S.C. § 1398.

The Court also notes that § 121 is a *one time election* for an individual homeowner over the age of 55. A Trustee is a fiduciary of the estate for the benefit of creditors and other parties in interest. Since § 121 is a one time election, enacted for the benefit of an individual/homeowner, a Trustee cannot take this election for the benefit of the estate without express statutory authority to do so.

In addition and most critically, on its face, § 121 clearly does not allow a Trustee to take this one time election. Section 121 can only be taken by an individual. A bankruptcy estate in a chapter 7 proceeding is not an individual within the meaning of § 121. Therefore, § 121 cannot be utilized by a Trustee. Moreover, § 1398(g) does not provide for the estate to succeed to the § 121 exclusion. For the aforementioned reasons, this Court concludes that the Trustee in this case cannot take the 26 U.S.C. § 121 exclusion for the bankruptcy estate.

The IRS, in addition to disallowing the § 121 exclusion of gain on the sale of the subject residence, has also taken the position that the estate has failed to substantiate the debtors' cost basis in the residence and asserts that the basis in the property is $10,000. The Trustee asserts that the basis in the property is actually $89,000. An evidentiary hearing on the appropriate basis to be utilized is necessary. Based on the Court's ruling today, further proceedings will be necessary to determine the estate's administrative tax liability. The Trustee shall be directed to file a separate motion with the bankruptcy court to request an evidentiary hearing to be conducted in Camden, New Jersey to fix the estate's tax liability to the IRS.[10]

An order shall be submitted in accordance with this decision.

**10.** The pleading previously filed in connection with the instant motion shall be deemed a part of that proceeding.