In re Freda **BRADLEY**, Debtor.

**Internal Revenue Service, Appellant,**

v.

**Robert H. Waldschmidt,
Trustee, Appellee.**

No. 3:98–0754.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 22, 1999.

John R. Keenan, Nashville, TN, for Internal Revenue Service.

Robert Howard Waldschmidt, Howell & Fisher, Nashville, TN, pro se.

*MEMORANDUM*

ECHOLS, Chief Judge.

This case is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Tennessee ("Bankruptcy Court"). For the reasons discussed herein, the decision of the Bankruptcy Court is hereby AFFIRMED.

In this Chapter 7 bankruptcy case, the Internal Revenue Service ("IRS") appeals from the July 16, 1998 Order and Memorandum of the Bankruptcy Court. The Bankruptcy Court held, as a matter of law, that capital gain on the sale of a debtor's residence is excluded from the gross income of a Chapter 7 estate to the extent provided by I.R.C. § 121 ("§ 121"), as amended by the Taxpayer Relief Act of 1997, Pub.L. No. 105–34, § 312(a), 111 Stat. 836 (1997) ("Amended § 121"). The Bankruptcy Trustee opposes the IRS's position on this appeal.

## I. FACTS

Debtor filed Chapter 13 Bankruptcy on October 28, 1996. On April 4, 1997, her case was converted to Chapter 7. The Bankruptcy Trustee sold Debtor's residence on October 3, 1997, resulting in a gain of $77,106. On the bankruptcy estate's 1997 income tax return, the Trustee declared the gain on the sale of this residence but excluded the gain pursuant to § 121. The IRS rejected the return pending a determination as to whether a bankruptcy estate could qualify for this exclusion. The Trustee filed a Motion for Determination of Tax Liability asserting that, under Amended § 121, where a bankruptcy trustee sells a debtor's residence, any resulting capital gain is excluded from income if the debtor would have qualified for the exclusion had the debtor sold the property. The IRS responded that the § 121 exclusion is personal to the debtor and not available to a bankruptcy estate.

## II. STANDARD OF REVIEW

■ "On appeal, the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." B.R. 8013. Conclusions of law are subject to de novo review. *In re Caldwell,* 851 F.2d 852, 857 (6th Cir.1988), *appeal after remand,* 895 F.2d 1123 (6th Cir.1990).

## III. DISCUSSION

■ Section 1398 of the Internal Revenue Code, I.R.C. § 1398 (1988) ("§ 1398"), provides that the taxable income of a Chapter 7 bankruptcy estate shall be computed in the same manner as for an individual. I.R.C. § 1398(c). The estate is to take deductions and credits "as if the amount were paid or incurred by the debtor and as if the debtor were still engaged in the trades and businesses, and in the activities, the debtor was engaged in before the commencement of the case." I.R.C. § 1398(e)(3). The estate succeeds to the tax attributes of the debtor with regard to various items, including, "in the case of any asset acquired... by the estate from the debtor, the basis, holding period, and character it had in the hands of the debtor." I.R.C. § 1398(g)(6).

Courts have construed § 121 in light of § 1398 in determining whether the § 121 exclusion is available to a bankruptcy trustee. The first two recorded opinions on this issue, *In re Mehr,* 153 B.R. 430 (Bankr.D.N.J.1993), and *In re Barden,* 205 B.R. 451 (E.D.N.Y.1996), *aff'd,* 105 F.3d 821 (2nd Cir.1997), performed their analyses under the predecessor to Amended § 121, which was captioned "One-time exclusion of gain from sale of principal residence by individual who has attained age 55" ("Former § 121"). Former § 121 provided:

At the election of the taxpayer, gross income does not include gain from the sale or exchange of property if the taxpayer has attained the age of 55 before the date of such sale or exchange, and[,]

during the 5–year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as his principal residence for periods aggregating 3 years or more.... The amount of the gain excluded from gross income under subsection shall not exceed $125,000 [and this exclusion may only be taken once].

I.R.C. § 121 (1988). Applying these statutes to the issue of whether a bankruptcy trustee may exclude capital gain realized through sale of a debtor's primary residence, the *Mehr* and *Barden* courts held that Former § 121 does not allow a bankruptcy estate to succeed to a debtor's capital gain exclusion.

Section 121 was amended, however, by the Taxpayer Relief Act of 1997. Amended § 121 is captioned, "Exclusion of gain from sale of principal residence." It provides, in pertinent part:

Gross income shall not include gain from the sale or exchange of property if, during the 5–year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as the taxpayer's principal residence for periods aggregating 2 years or more. In general, [t]he amount of gain excluded... with respect to any sale or exchange shall not exceed $250,000.... [This section] shall not apply to any sale or exchange by the taxpayer if, during the 2–year period ending on the date of such sale or exchange, there was any other sale or exchange by the taxpayer to which [this section] applied.

I.R.C. § 121 (1998). In sum, the 1997 Amendments substantially broaden the scope of § 121. It is no longer limited to taxpayers of a certain age, the residency requirement is shorter, the exclusion may be used a limitless number of times, and the exclusion is automatic rather than

elected. *See generally* Annette Nellen and Ron Platner, *Disposition of a Principal Residence After TRA '97: Perspectives, Planning, and Problems*, 25 J. Real Est. Tax'n 319 (1998). In *In re Popa*, 218 B.R. 420 (Bankr.N.D.Ill.1998), the court interpreted Amended § 121 in light of § 1398, holding that a bankruptcy estate steps into the debtor's shoes for the purposes of § 121 and is entitled to any capital gain exclusion which would have been available to the debtor. *See generally* David M. Warren, *Popa Disciplines the Capital Gains Tax*, 17 Am. Bankr.Inst. J., June 1998, at 20. The plain language of the statutes, as well as policy considerations, supports this interpretation. *Popa*. In particular, this result allows bankruptcy to "mirror non-bankruptcy entitlements," and it makes tax considerations as neutral as possible in determining whether a taxpayer should file a bankruptcy petition.[1] *Id.* at 427–28.

The Bankruptcy Court reviewed §§ 1398 and 121 in light of the conflicting conclusions of *Mehr* and *Barden*, which disallowed the exclusion, and of *Popa*, which reached the opposite result. The court concluded that the 1997 amendments to § 121 undermine the policy arguments in *Mehr* and *Barden* against use of the exclusion by a bankruptcy trustee. Further, the court concluded that the plain meaning of § 1398 allows the exclusion. Finally, the court concluded that to allow a bankruptcy estate to take the exclusion promotes the public interest in a responsible bankruptcy system.

Appellant objects to these conclusions, alleging that the 1997 Taxpayer Relief Act merely broadened the availability of § 121 to individual taxpayers but did not change the analysis regarding its applicability to bankruptcy estates. This argument is not

---

1. Denying the exclusion defeats this policy because it allows a taxpayer with substantial unsecured debts and equity in a principal residence to choose between (1) selling the house and paying the debts and (2) filing bankruptcy, discharging the debts, and re-

quiring the trustee to abandon the house to the debtor because of the tax liability. The debtor could then sell the house with no liability on the discharged debts, use the exclusion, and pocket the proceeds tax-free.

persuasive. The Taxpayer Relief Act brought broad changes to the Internal Revenue Code, and the new language of § 121 expands its applicability beyond the act's original intent of assisting elderly homeowners. *Mehr* and *Barden* are no longer persuasive in light of the substantial changes in the tax code and the policy behind § 121.

Appellant next alleges § 1398 does not authorize a bankruptcy estate to exclude gain under § 121. Instead, appellant asserts § 1398 sets forth an exclusive list of tax attributes that pass from the individual to the bankruptcy estate upon commencement of the bankruptcy case. The Bankruptcy Court, in contrast, interprets § 1398 as effecting the same tax consequence for the estate as it would have had effected for the individual. In light of the plain language of § 1398, the Court finds the Bankruptcy Court's reasoning correct as to that provision.

Finally, the Appellant alleges the Bankruptcy Court's reliance on *Popa* is misplaced because *Popa* misconstrued the significance of § 1398. The Bankruptcy Court rejected Appellant's position, agreeing with *Popa* that, because § 1398 specifies that an asset taken by the estate assumes the "character" it had in the hands of the debtor, § 1398 authorizes the estate to step into the debtor's shoes with regard to § 121 and exclude the gain from income if the debtor could have done so. The Court agrees with the Bankruptcy Court that § 1398 provides the statutory authority for this result.

For the reasons set forth above, the Court AFFIRMS the ruling of the Bankruptcy Court. This appeal is hereby DISMISSED.