**In re Thomas Joseph MUNSTER and Sharon Ann Munster Debtors.**

**Bankruptcy No. 97–51313 293.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

June 12, 1998.

Joseph S. Rosenthal, St. Louis, MO, for Debtors.

John V. La Barge, St. Louis, MO, Standing Chapter 13 Trustee.

## ORDER

DAVID P. McDONALD, Bankruptcy Judge.

The Chapter 13 Trustee objected to Debtors' proposed Plan on grounds that, among others, it "is distributing less to the unsecured creditors than they would receive in a Chapter 7 liquidation." The Court instructed counsel for Debtors and for the Trustee to submit letter briefs stating their positions. Debtors' counsel indicated in his letter that he and the Trustee's counsel believed they could resolve all the issues raised by Trustee's objections to the Plan but, needed guidance from the Court regarding whether the Plan would pay Debtors' unsecured creditors at least as much as they would receive in a Chapter 7 liquidation.

The issue of whether Debtors' unsecured creditors will receive at least as much under the Plan as they would receive in a Chapter 7 liquidation revolves around whether a Chapter 7 trustee could utilize 26 U.S.C. § 121 (section 121) and thereby avoid paying capital gains tax on the net sale proceeds of Debtors' home. Debtors' counsel argues that a Chapter 7 trustee could not utilize section 121, and so the proceeds of a sale of the Debtors' home in a Chapter 7 context would be diminished by capital gains tax. As authority for his position, Debtors' counsel cites *In re Mehr*, 153 B.R. 430 (Bankr.D.N.J. 1993) and *In re Barden*, 205 B.R. 451 (E.D.N.Y.1996) two cases decided under the predecessor to the current version of section 121.[1] The Trustee argues that, in light of section 121's amendment, *In re Mehr* and *In re Barden* would no longer bar a Chapter 7 trustee from avoiding capital gains tax upon the sale of Debtors' home.

Section 121, as amended in 1997, provides that "(a) Exclusion.—Gross income shall not include gain from the sale or exchange of property if, during the 5–year period ending on the date of the sale or exchange, such property has been owned and used by taxpayer as the taxpayer's principal residence for periods aggregating 2 years or more." This is a substantial change from the former section 121 in that the taxpayer no longer has to elect to exclude the sale proceeds from capital gains taxation. Also in contrast to the former section 121, the new section 121 does not contain an age restriction, and is not limited to one exchange or sale during the taxpayer's (or taxpayer's spouse's) lifetime.

The *In re Mehr* and *In re Barden* cases involved Chapter 7 trustees who sought to utilize the former section 121 to avoid paying capital gains tax on the sale of the respective debtor's residences. The *In re Mehr* court reasoned that to utilize the exclusion, the bankruptcy estate would have to qualify as a "taxpayer" as that term was used in the former section 121, 153 B.R. at 433. Then, to establish a definition of "taxpayer" within the context of the former section 121, the *In re Mehr* court looked at "the other requirements of the exemption which are referred to as the attributes of the taxpayer." *Id.* The *In re Mehr* court concluded that the bankruptcy estate was not a taxpayer as that term was used in the former section 121 because it could not possess the attributes of the taxpayer referred to in the section, specifically, a bankruptcy estate could not be 55 years old and could not have used the property to be sold as its primary residence. *Id.* The *In re Mehr* court also examined the policy behind former section 121 as well as whether two Revenue Rulings dealing with former section 121 should be applied to a bankruptcy estate. *Id.* at 433–34. The *In re Mehr* court also rejected the trustee's argument that 26 U.S.C. § 1398 authorizes a bankruptcy estate to use the exclusion provided by the former section 121. *Id.* at 436.

The *In re Barden* court considered the same arguments for allowing the trustee in

---

1. Before its amendment in 1997, section 121 provided that "(a) General Rule.—At the election of the taxpayer, gross income does not include gain from the sale or exchange of property if—(1) the taxpayer has attained the age of 55 before the date of such sale or exchange, and (2) during the 5-year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as his principal residence for periods aggregating 3 years or more."

**634**

that case to utilize the former section 121 exemption that the *In re Mehr* court did and drew upon the reasoning of *In re Mehr* before concluding that the bankruptcy estate could not utilize former section 121's exemption. 205 B.R. at 453–54.

 This Court is persuaded by the Trustee's argument that a Chapter 7 trustee could utilize the newly-formulated section 121 to exempt from capital gains tax the proceeds of the sale of Debtors' residence, assuming of course, that the criteria for the exemption have been satisfied. Unlike its predecessor, the current version of section 121 does not require an election by the taxpayer. Instead, the amended section 121 simply states that the gain from a sale or exchange of property is not included in gross income if "during the 5–year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as the taxpayer's principal residence for periods aggregating 2 years or more." See 26 U.S.C. § 121(a) (1997). The trustee asserts that the bankruptcy estate succeeds to the character of the property as residential property pursuant to 26 U.S.C. § 1398(g). The Court agrees. Debtors have owned and used their house as their primary residence from 1971 through the present and, therefore, satisfy the section 121's occupancy requirement. Under section 1398, the bankruptcy estate succeeds to the character of the property and so the property remains residential property for section 121 purposes. Because section 121's conditions are satisfied, a Chapter 7 trustee who sold Debtors' home for the estate's benefit could avoid capital gains tax via section 121. Therefore, in formulating their Chapter 13 Plan, Debtors must calculate the amount their creditors would receive in a Chapter 7 filing as if the trustee had sold their home and exempted the proceeds from capital gains tax. Debtors' Plan does not pay the Debtors' creditors at least as much as they would have received in a Chapter 7 liquidation because it proposes a payout based on a hypothetical Chapter 7 sale of their home on which the trustee pays capital gains tax. Therefore,

IT IS ORDERED that

(1) Trustee's Objection to Confirmation IS SUSTAINED; and

(2) if Debtors fail to file an amended Plan that cures the Trustee's sustained objection within twenty days from the date of this Order, the Debtors' Chapter 13 case will be dismissed without further hearing.