**In re Larry J. GODWIN, Jody A. Godwin, Debtors.**

**Bankruptcy No. 96–50782.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Feb. 4, 1999.

---

17. *BFP v. Resolution Trust Corporation,* 511 U.S. 531, 544 114 S.Ct. 1757, 1764, 128 L.Ed.2d 556 (1994).

Steven R. Fansler, West Liberty, OH, for debtor.

Myron N. Terlecky, Columbus, OH, Chapter 7 Trustee.

Stacy Hallett, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C.

Eleanor Beavers Haynes, Columbus, Ohio, Special Counsel for State of Ohio.

## ORDER ON MOTION TO DETERMINE THE TAX LIABILITY OF THE BANKRUPTCY ESTATE

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matter is before the Court on the motion of Myron N. Terlecky, Chapter 7 Trustee of the estate of Larry J. and Jody A. Godwin, to determine the tax liability of this bankruptcy estate in accordance with 11 U.S.C. § 505. The motion of the Trustee has been opposed by the United States of America on behalf of the Internal Revenue Service.

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (O).

In his motion, the Trustee argues that the gain from the sale of residential real property may be excluded from gross income pursuant to Internal Revenue Code § 121, as amended by the Taxpayer Relief Act of 1997, Pub.L. No. 105–34, § 312(a) (Aug. 5, 1997). The operative facts in this case are not in dispute.

### I. *Findings of Fact*

Larry J. Godwin and Jody A. Godwin ("Debtors") filed their petition for relief under Chapter 7 of the Bankruptcy Code on February 9, 1996. Myron N. Terlecky ("the Trustee") is the duly appointed and acting Chapter 7 Trustee of Debtors' bankruptcy estate. The Trustee applied for, and obtained an order of the Bankruptcy Court authorizing the sale of certain real estate of the Debtors, including real estate used by Debtors as their residence for at least two of the five years prior to the filing of the bankruptcy proceeding, and the sale of that property. The residential real property of the Debtors ("the Property") was sold by the Trustee on October 24, 1997 for the sum of $215,932.50.

Upon the sale of the Property, the accountant employed by the Trustee determined that the sale would result in a tax liability to the bankruptcy estate of $10,736.00, absent the availability of an applicable exclusion. The Trustee argues that this Court has jurisdiction to determine the tax liability of the bankruptcy estate in accordance with 11 U.S.C. § 505, and that the gain from the sale of the Property is excluded from gross income by virtue of I.R.C. § 121, as amended by the Taxpayer Relief Act of 1997 ("the § 121 Exclusion"). The United States of America, on behalf of the Internal Revenue Service ("the IRS") argues that the § 121 Exclusion may not be asserted by a bankruptcy trustee, and as a result, the gain from the sale of the Property results in gross income of this Chapter 7 bankruptcy estate.

### II. *Conclusions of Law*

Prior to the Taxpayer Relief Act of 1997, a bankruptcy trustee's ability to assert the § 121 Exclusion upon the sale of a debtor's residence was called into doubt by *In re Mehr,* 153 B.R. 430 (Bankr.D.N.J.1993); and *In re Barden,* 205 B.R. 451 (E.D.N.Y.1996), *aff'd.,* 105 F.3d 821 (2d Cir.1997) (per curiam). The *Mehr* and *Barden* courts both determined that a chapter 7 trustee was not entitled to assert the § 121 Exclusion. Interpreting 26 U.S.C. §§ 1398 and 121, the courts in *Mehr* and *Barden* concluded that the chapter 7 trustee could not qualify as a "taxpayer" since, in part, that term included requirements that the taxpayer be at least 55 years of age, and had used the home as a primary residence for at least three of the last five years. *Mehr,* 153 B.R. at 434; *Barden,* 205 B.R. at 453. The *Mehr* and *Barden* courts noted the policy concerns underlying the § 121 Exclusion, the fact that the Exclu-

sion was available only once in a lifetime, and found that the "plain language" of the Internal Revenue Code did not support application of the Exclusion by a chapter 7 trustee. *Mehr*, 153 B.R. at 433; and *Barden*, 205 B.R. at 453.

In its brief, the IRS asserts that this matter is governed by 26 U.S.C. § 1398, which provides, in relevant part:

(c) *Computation and payment of tax; basic standard deduction.—*

(1) *Computation and payment of tax—* Except as otherwise provided in this section, the taxable income of the estate shall be computed in the same manner as for an individual. The tax shall be computed on such taxable income and shall be paid by the trustee.

. . .

(e) *Treatment of income, deductions, and credits.—*

(1) *Estate's share of debtor's income—* The gross income of the estate for each taxable year shall include the gross income of the debtor to which the estate is entitled under title 11 of the United States Code. The preceding sentence shall not apply to any amount received or accrued by the debtor before the commencement date (as defined in subsection (d)(3)).

(2) *Debtor's share of debtor's income—* The gross income of the debtor for any taxable year shall not include any item to the extent that such item is included in the gross income of the estate by reason of paragraph (1).

(3) *Rule for making determinations with respect to deductions, credits, and employment taxes—*Except as otherwise provided in this section, the determination of whether or not any amount paid or incurred by the estate—

(A) is allowed as a deduction or credit under this chapter, or

(B) is wages for purposes of subtitle C, shall be made as if the amount were paid or incurred by the debtor and as if the debtor were still engaged in the trades and businesses, and in the activi-

ties, the debtor was engaged in before the commencement of the case.

(f) *Treatment of transfers between debtor and estate.—*

(1) *Transfer to estate not treated as disposition*—A transfer . . . of an asset from the debtor to the estate shall not be treated as a disposition for purposes of any provision of this title assigning tax consequences to a disposition, and the estate shall be treated as the debtor would be treated with respect to such asset.

. . .

(g) *Estate succeeds to tax attributes of debtor*—The estate shall succeed to and take into account the following items (determined as of the first day of the debtor's taxable year in which the case commences) of the debtor—

(1) *Net operating loss carryovers* . . .

(2) *Charitable contributions carryovers* . . .

(3) *Recovery of tax benefit items* . . .

(4) *Credit carryovers, etc* . . .

(5) *Capital loss carryovers* . . .

(6) *Basis, holding period, and character of asset*—In the case of any asset acquired (other than by sale or exchange) by the estate from the debtor, the basis, holding period, and character it had in the hands of the debtor.

(7) *Method of accounting* . . .

(8) *Other attributes*—Other tax attributes of the debtor, to the extent provided in regulations prescribed by the Secretary as necessary or appropriate to carry out the purposes of this section.

The IRS argues that 26 U.S.C. § 1398(g) contains an exclusive list of the tax attributes to which a bankruptcy estate succeeds, that the list is to be strictly construed, and does not provide support for the Trustee's right to assert the § 121 Exclusion. The Trustee argues that both 26 U.S.C. § 121, as amended by the Taxpayer Relief Act of 1997, and 26 U.S.C. § 1398 support bankruptcy trustees' assertions of the § 121 Exclusion.

Prior to 1997, I.R.C. § 121 provided:

§ 121. One-time exclusion of gain from sale of principal residence by individual who has attained age 55—

(a) *General rule.*—At the election of the taxpayer, gross income does not include gain from the sale or exchange of property if—

(1) the taxpayer has attained the age of 55 before the date of such sale or exchange, and

(2) during the 5-year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as his principal residence for periods aggregating 3 years or more.

The pre-1997 version of § 121 included a $125,000.00 limitation, was only available to one sale or exchange by a taxpayer or spouse, and required an affirmative election to invoke its terms.

I.R.C. § 121, as amended in 1997, provides as follows:

§ 121. Exclusion of gain from sale of principal residence—

(a) *Exclusion.*—Gross income shall not include gain from the sale or exchange of property if, during the 5-year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as the taxpayer's principal residence for periods aggregating 2 years or more.

New § 121 includes a $250,000.00 limitation, is available to a sale or exchange every 2 years, and automatically applies to qualifying sales absent an affirmative election to waive application of its terms.

This Court has found and analyzed four cases that have ruled on a chapter 7 trustee's ability to assert the § 121 Exclusion subsequent to the 1997 amendment. *In re Popa,* 218 B.R. 420 (Bankr.N.D.Ill.1998) was the first court to consider the effect of the 1997 amendments to § 121, and to analyze I.R.C. § 1398 in light of those amendments. *Popa* held that the 1997 amendments undermine the analyses of the courts in *Mehr* and *Barden* as to the bankruptcy trustee's ability to assert the § 121 Exclusion. Further, the court in *Popa* engaged in a detailed analysis of I.R.C. § 1398, concluding that the analyses of the courts in *Mehr* and *Barden* were faulty even under the prior version of § 121. *Popa,* 218 B.R. at 426–427. *Popa* concluded that "the estate succeeds to the holding period and character of the Property under § 1398(g)(6) IRC and because the estate is to be treated as the Debtor with respect to that asset under § 1398(f)(1) IRC, the estate is entitled to utilize the § 121 IRC exclusion upon the sale of a debtor's primary residence." *Popa,* 218 B.R. at 428.

The next court to address the issue was *In re Munster,* 226 B.R. 632 (Bankr.E.D.Mo. 1998). The *Munster* court considered whether a chapter 7 trustee could assert the § 121 Exclusion in the context of deciding whether the debtor's chapter 13 plan distributed less to unsecured creditors than would be received in a chapter 7 liquidation. The court in *Munster* reviewed the decisions in *Mehr* and *Barden,* and found that the 1997 amendment to I.R.C. § 121 would allow a chapter 7 trustee to assert the § 121 Exclusion upon the sale of a debtor's residence. *Munster,* 226 B.R. at 634. The *Munster* court noted that revised § 121 does not require an election by the taxpayer, but automatically excludes the gain from the sale of qualifying real property. *Munster,* 226 B.R. at 634. The *Munster* court held that the bankruptcy trustee succeeds to the "character" of property as residential real property pursuant to I.R.C. § 1398(g). *Id.*

In *In re Bradley,* 222 B.R. 313 (Bankr. M.D.Tenn.1998), the court engaged in a detailed, and persuasive analysis of the *Mehr* and *Barden* cases, as well as the relevant sections of the Internal Revenue Code. The court in *Bradley* found that:

A plain reading of I.R.C. § 1398 entitles the Chapter 7 estate of an individual debtor to exclude from gross income the gain on the sale of a residence if that gain would have been excluded were the taxpayer the debtor. Section 1398(c) states that "taxable income of the estate shall be computed in the same manner as for an individual." Taxable income "means gross income minus the deductions allowed by this chapter (other than the standard deductions)." I.R.C. § 63(a). "Gross income" is defined in I.R.C. § 61 as "all

income from whatever source derived" except as provided in I.R.C. §§ 101 through 139. Sections 101 through 139 contain "items specifically excluded from gross income."

*Bradley,* 222 B.R. at 314–315. *Bradley* concluded that the most reasoned analysis of I.R.C. §§ 1398 and 121 supports the chapter 7 trustee's eligibility to assert the § 121 Exclusion.

Finally, this Court has considered *In re Winch,* 226 B.R. 591 (Bankr.S.D.Ohio 1998). The court in *Winch* noted that I.R.C. § 1398 was not amended in 1997, and despite the amendment to I.R.C. § 121, found that *Mehr* and *Barden* remain viable and persuasive. *Winch,* 226 B.R. at 593. The court in *Winch* found that it would be necessary to read I.R.C. § 121 and I.R.C. § 1398 together to resolve the issue, and because the language of the two statutes was not plain, found it appropriate to focus on the underlying policies of the statutes. *Winch,* 226 B.R. at 593. *Winch* concluded that the 1997 amendment to I.R.C. § 121 did not alter the policies inherent in that section, and "supports a holding that it is the individual taxpayer and not the bankruptcy estate that should be eligible for the exclusion." *Winch,* 226 B.R. at 594.

After analyzing the relevant statutes and cases, this Court is persuaded by the analyses of the courts in *Popa* and *Bradley.* I.R.C. § 1398(g)(6) allows the bankruptcy estate to succeed to the "character of the asset", including its use as a principal residence for at least two of the past five years. *Popa,* 218 B.R. at 426. The Court finds that the definition of "character of the asset" in § 1398(g)(6) should not be read as narrowly as determined by the courts in *Winch,* 226 B.R. at 594; *Mehr,* 153 B.R. at 437; and *Barden,* 205 B.R. at 455. As set forth above, § 1398 contains many references to treating the estate the same as the taxpayer upon the sale of real property. Consistent with that policy, the Court finds that the use of real property as a residence constitutes a character of that asset. This is different than the Trustee asserting that the Debtors satisfied an age requirement, therefore he too satisfies that age requirement. The character of the asset itself, a character to which the Trustee succeeds under § 1398(g)(6), allows the sale to qualify for the § 121 Exclusion.

Had the Property been sold by Debtors, there is no question that the § 121 Exclusion would automatically apply. With the 1997 revisions to § 121, allowing the Trustee to assert the § 121 Exclusion will not result in Debtors being prohibited from taking advantage of the Exclusion upon a subsequent sale of their qualifying property. By this ruling, the taxable income of the estate will be computed in the same manner as for an individual, in accordance with 26 U.S.C. § 1398(c). Further, the estate will be treated as the Debtors with respect to property transferred to the bankruptcy estate, as mandated in 26 U.S.C. § 1398(f)(1). *Popa,* 218 B.R. at 427 (citing *In re Kochell,* 804 F.2d 84, 85 (7th Cir.1986)). Such treatment is consistent with cases that have interpreted other aspects of § 1398. *Bradley,* 222 B.R. at 316 (citations omitted). This finding is also consistent with the position of the IRS as to decedents' estates as set forth in Revenue Ruling 82–1, 1982–1 C.B. 11 (gain from the sale of a decedent's personal residence is excludable under § 121 if the election is made by the executor). This Court finds the analogy compelling, and the differences between a decedent's estate and a bankruptcy estate do not support inconsistent application of the § 121 Exclusion. *Bradley,* 222 B.R. at 317.

Gains from the sale of qualifying property are specifically and automatically excluded from gross income, therefore the § 121 Exclusion need not be viewed as a "tax attribute." *Popa,* 218 B.R. at 426; *Bradley,* 222 B.R. at 317. The term "tax attribute" is not defined in the Internal Revenue Code. The IRS argues that the tax attributes to which the estate succeeds are limited to the six items in § 1398(g)(1)–(6). However, even if the Exclusion comes within the definition of "tax attribute", the full effect of § 1398(f)(1) and (g)(6) encompasses the Trustee's assertion of the Exclusion. *Popa,* 218 B.R. at 426. Allowing the Trustee to assert the Exclusion will neither "change the characterization of a transaction" based on the bankruptcy filing, nor frustrate the policy of making tax considerations neutral in determining whether to

file bankruptcy. *Popa,* 218 B.R. at 427 (citing *Kochell,* 804 F.2d at 85; and *Mehr,* 153 B.R. at 439).

It is important to emphasize that old § 121 required an affirmative election by the taxpayer. That is no longer a requirement, and there has been no election to waive the § 121 Exclusion for this qualifying sale. To hold otherwise would create additional tax liability due solely to a bankruptcy filing, and will dissuade bankruptcy trustees from selling non-exempt assets that would otherwise benefit the estate. This would, in effect, provide chapter 7 debtors with a hidden exemption outside of the state or federal exemption statutes, and a windfall to the detriment of the estate as a whole. A trustee's inability to assert the § 121 Exclusion could result in a decision to abandon property where the tax eliminates any equity that would have otherwise benefitted the unsecured creditors of the estate. This would leave debtors free to sell qualifying property after its abandonment, assert the Exclusion, and get a "head start" above their statutory exemptions far in excess of the "fresh start" that the Bankruptcy Code envisions. Allowing the Trustee to assert the § 121 Exclusion "upholds the public interest in a responsible bankruptcy system and does not frustrate any clearly defined federal policy." *Bradley,* 222 B.R. at 317. *See, also, Popa,* 218 B.R. at 427–428.

Based on the foregoing, this Court finds that in accordance with I.R.C. § 1398 and I.R.C. § 121, the gain from the sale of the Property is excluded from the estate's gross income.

IT IS SO ORDERED.