**In re Anna A. BAILEY, Debtor.**

**Bankruptcy No. 98–14475.**

United States Bankruptcy Court, D. Rhode Island.

May 19, 1999.

8

Lisa A. Geremia, Geremia & DeMarco Ltd., Providence, RI, for debtor.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, for Chapter 7 Trustee.

## ORDER

RICHARD N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Trustee's Application to compromise a controversy with the Debtor, who owns a home at 299 Church Avenue, Warwick, Rhode Island. The property, recently appraised at $68,000, is subject to a first mortgage of $41,614, leaving equity of approximately $26,000. It is estimated that after a Trustee's sale and payment of a broker's fee, trustee's commission, and debtor's exemption, there would be net proceeds of $7,801 for the estate.

The Trustee poses the question whether the estate would be liable for the capital gains tax on the Debtor's residence, or whether the estate would be entitled to the exclusion available to the Debtor under the Internal Revenue Code. If the estate is liable for the capital gains tax, there would be no funds remaining after the sale for distribution to unsecured creditors. The Debtor has offered to pay $7,000 for the Trustee's interest in the property.

■ Given the relatively insignificant difference between the Trustee's "best case scenario" ($7,801) and the compromise offer ($7,000), we will approve the Application to Compromise, for reasons of economy only.

■ However, as guidance to Trustees and to the bankruptcy bar generally, and although nobody has asked us to rule on the question, we will do so anyway and state that this Court would follow *In re Popa*, 218 B.R. 420 (Bankr.N.D.Ill.1998), and hold that the trustee is entitled, on behalf of the estate, to the same capital gains exclusion available to the debtor, upon the sale of property which is the debtor's primary residence. *See also In re Godwin*, 230 B.R. 341 (Bankr.S.D.Ohio 1999); *In re Bradley*, 222 B.R. 313 (Bankr. M.D.Tenn.1998).